

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-78,102-04

### EX PARTE ALBERT VINCENT THOMAS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1145134-B IN THE 263RD JUDICIAL DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual assault of a child and sentenced to thirty years' imprisonment. The Fourteenth Court of Appeals affirmed his convictions in *Thomas v. Texas*, 14-0801157-CR (Tex. App.—Houston [14th Dist.], Feb. 18, 2010)(not designated for publication).

Applicant contends, among other things, that the State withheld favorable evidence from the defense.

Applicant has alleged facts that, if true, might entitle him to relief. *Brady v. Maryland,* 373

US 83 (1963). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall provide the prosecutor with the opportunity to respond to Applicant's claim that material, exculpatory evidence was improperly suppressed. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the State withheld material evidence of the contents of an interview given by the complainant to a Child Protective Services caseworker in which the complainant stated that "nothing had happened." The trial court shall also make findings of fact regarding whether the prosecutor improperly suppressed evidence in this cause. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed:   June 29, 2016
Do not publish